IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROLAND STEVENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-171-GMS |
| | ) |
| SERVICE MANAGER JOE | ) |
| HUDSON, C/O P. VILLARREAL, | ) |
| and C/O A. WEBB, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff Roland Stevenson ("Stevenson"), an inmate at Delaware Correctional Center ("DCC"), brings this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and on April 20, 2005, was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 3.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

I.  **THE COMPLAINT**

Stevenson purchased a radio and Reebok sneakers from the DCC commissary. On March 19, 2004, he was moved for classification purposes to a higher security level, and in the course of the move his property was packed by defendant C/O P. Villarreal ("C/O Villarreal"). He alleges that defendant C/O Webb ("Webb") temporarily held the position of passing out inmate property. Stevenson alleges that defendant Joe Hudson ("Hudson"), the support service manager, lead him to believe that he would return his property. Stevenson alleges he was unaware that there was a

time limit for writing a grievance for the return of his property. He seeks payment for his personal effects and a transfer to Florida.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

Stevenson's claim cannot not lie under § 1983. He brings this suit alleging that the defendants confiscated his personal items (i.e., radio and sneakers). A prisoner's due process claim of random and unauthorized deprivation of property by a state actor is not actionable under § 1983, whether the deprivation is negligent or intentional, unless there is no adequate post-

deprivation remedy available. *See Parratt v. Taylor,* 451 U.S. 527, 542 (1981), *overruled on other grounds by,* 474 U.S. 327 (1986); *Hudson v. Palmer,* 468 U.S. 517, 533 (1984). Stevenson has available to him the option of filing a common law claim for conversion of property. Inasmuch as Delaware law provides an adequate remedy for Stevenson, he cannot maintain a cause of action pursuant to § 1983. *See Hudson,* 468 U.S. at 535; *Nicholson v. Carroll,* 390 F.Supp. 2d 429, 435 (D.Del. 2005); *Acierno v. Preit-Rubin, Inc.,* 199 F.R.D. 157 (D.Del. 2001) (other citations omitted).

Quite simply, as currently presented, the complaint lacks an arguable basis in law and must, therefore, be denied as frivolous. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

## IV.   CONCLUSION

For the above stated reasons the court finds that the complaint is legally frivolous and that dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading,* 532 F.2d 950, 951-52 (3d. Cir. 1976). An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

March 31, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROLAND STEVENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-171-GMS |
| | ) |
| SERVICE MANAGER JOE | ) |
| HUDSON, C/O P. VILLARREAL, | ) |
| and C/O A. WEBB, | ) |
| | ) |
| Defendants. | ) |

## ORDER

At Wilmington this 31st day of March, 2006, for the reasons set forth in the Memorandum issued this date the complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as legally frivolous. Amendment of the complaint would be futile.

_____
UNITED STATES DISTRICT JUDGE